IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BARRY LEVINE | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-01128-O |
| | § | |
| AMERICAN MENSA, LTD. AND | § | |
| JOHN DOES 1-5 | § | |
| Defendants. | § | |

## REPLY BRIEF IN SUPPORT OF DEFENDANT AMERICAN MENSA, LTD.'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Please accept this, Defendant American Mensa, Ltd.'s Reply Brief is Support of its Motion for Summary Judgment and in response to Plaintiff's Response to Defendant's Motion for Summary Judgment.

### I.      Summary of Reply

Defendant American Mensa, Ltd. ("American Mensa") is entitled to summary judgment because Plaintiff Levine failed to show by clear and convincing evidence that American Mensa acted with malice when it made the alleged defamatory statements concerning matters of public or general concern. Additionally, the alleged defamatory statements are protected by qualified privilege, as supported by Indiana jurisprudence. American Mensa will not waste the Court's time restating arguments and facts contained in its Brief in Support of Motion for Summary Judgment (hereinafter "Brief") but refers the Court to R. Doc. 49 for the Brief's contents.

### II.      Indiana Law Requires Levine Clearly and Convincingly Prove Malice

Plaintiff Barry Levine spent the past 14 years publicizing his disdain for American Mensa. He created a public website called MensaisCorrupt.com and frequents the yearly

American Mensa Annual Gathering, but only in the "public" areas of the host hotel, as Levine was expelled from the organization in 2008.[1] During these events, he targets newly elected American Mensa Committee members and badgers them about his request for American Mensa reinstatement.[2]  The 2018 AG at the J.W. Marriot in Indianapolis was no different. Plaintiff Levine used the hotel's public spaces to publicly display his displeasure with American Mensa and desire to regain membership status.[3] But now, as he sues American Mensa for defamation, Levine conveniently asks the Court to rule as a matter of law that his conduct towards American Mensa and its members is not a matter of public or general concern.

Levine claims the Court should apply a negligence standard to his defamation claims because the statements at issue are not a matter of public or general concern. According to the Indiana Supreme Court, "to establish a claim of defamation, a plaintiff must prove the existence of 'a communication with defamatory imputation, malice, publication, and damages.'"[4] As argued by Defendant American Mensa in its Brief, "[a] private individual bringing a defamation action must show 'actual' malice in matters of public or general concern."[5] In 2014, the Indiana Supreme Court specifically discussed the parameters of "public concern."

In *Brewington v. State*,[6] the Court considered whether the actual malice standard should apply to a "disgruntled divorce litigant['s]" "obsessive years-long campaign" against the judge and physician expert witness involved in his custody case wherein Defendant's parental rights were terminated. Defendant allegedly accused the physician, a private person, of perversion, child abuse and using custody evaluations as a means to gain sexual stimulation. Even though the

---

[1] *See* R. Doc. 49, footnotes 2 and 3.
[2] *See id*., footnote 63.
[3] *See id*., footnote 35.
[4] *Trail v. Boys & Girls Clubs of Nw. Indiana*, 845 N.E.2d 130, 136 (Ind. 2006); *see also Shine v. Loomis*, 836 N.E.2d 952, 956 (Ind.Ct.App.2005).
[5] R. Doc. 49, page 11 of 12, ¶ 14.
[6] *Brewington v. State*, 7 N.E.3d 946, 961-62 (2014).

physician is not a public figure, the actual malice standard still applied to Defendant's allegations regarding the physician's perversion because the Court found those comments to be of public or general concern. The Court noted that, "expert testimony primarily affects only the private litigants in a particular case and is 'public' only to the extent that the proceedings in that case were open to the public."[7]   The court assumed that if a psychologist were using his position of trust to give corrupt testimony or for personal gratification, it would be a matter of public concern.

Plaintiff Levine, a strikingly similar figure to the Defendant in *Brewington*, is a disgruntled, expelled Mensan who waged an obsessive years-long campaign against American Mensa after his membership was terminated. He continued to target new American Mensa board members with his repetitive and misguided efforts to regain membership over a decade after his expulsion. Levine's alleged harassment and stalking of American Mensa members in the public areas of the J.W. Marriot Hotel are matters of public or general concern, not only to Mensans, but any person who visits the hotel. People, including American Mensa members and leaders, should feel safe to use the lobby and elevators of hotels without being harassed and stalked.  The alleged defamation concerns claims that Levine harassed and stalked American Mensa members during the 2018 AG at the J.W. Marriot Hotel in Indianapolis. Based on *Brewington* actual malice applies because if Levine was in fact stalking and harassing American Mensa members during the 2018 AG at the J.W. Marriot Hotel, it would be a matter of public or general concern.

For the past 14 years and again during the July 2018 AG, Barry Levine aired his dissatisfaction with American Mensa in the public eye and now asks the Court to deem the matter private when convenient for him. But the Court should consider the entire context of

---

[7] *Id.* at 962.

Levine's claims and find the actual malice standard applies because the alleged defamation concerned matters of public or general concern.

As is clear from Levine's Response to Defendant's Motion for Summary Judgment,[8] Plaintiff Levine failed in his burden to provide clear and convincing evidence that American Mensa acted with actual malice when it allegedly defamed Levine.[9]   As such, Defendant's Summary Judgment should be granted and all claims against American Mensa dismissed as a matter of law.

### III.    Qualified Immunity Applies

Plaintiff argues qualified immunity does not apply because Defendant has not provided legal authority that a duty that exists between American Mensa, its Board and the J.W. Marriot Hotel. Qualified immunity does not require an established legal duty to support the defense, and Plaintiff provides no legal authority requiring an established legal duty serve as the basis of qualified immunity. To the contrary, when faced with a qualified immunity defense, the court should evaluate whether the parties' interests are concurrent to determine whether the privilege applies.[10] Though there is no requirement for an established legal duty, there is ample Indiana jurisprudence to support the application of qualified immunity to Plaintiff Levine's defamation claims.

In *Schrader v. Eli Lilly & Co*.,[11] former employees of Eli Lilly sued for defamation that allegedly occurred when Eli Lilly gave a presentation to its employees that included information regarding the termination of the former employees. The Court recognized a qualified privilege

---

[8] R. Doc. 52, P. 21 of 31.
[9] R. Doc. 49, P. 18  of 32, ¶ 18.
[10] *See Kelley v. Tanoos*, 865 N.E.2d 593, 598 (Ind.2007) (stating legal question of a shared interest or duty must be answered before factual question of whether defamer acted for a protected purpose, before then evaluating whether the parties interest were common).
[11] *Schrader v. Eli Lilly & Co.,* 639 N.E.2d 258 (Ind.1994)

for intracompany communications and found the statements during the presentation were made pursuant to the qualified privilege of common interest and thus not actionable libel.[12] Based on *Schrader*, the Court should find that Chairwoman Bakerink's statements to American Mensa's Board of Directors about legal matters involving Levine, a well-known ex Mensan, were made pursuant to the qualified privilege of common interest, since Bakerink and the Board have an interest in protecting the organization from litigation. Bakerink's statements, like those in *Schrader*, were made to inform a select group of American Mensa leaders of the litigation's status.  As such, Bakerink's statements are privileged.

American Mensa's statements to the J.W. Marriot about Levine are similarly protected based on the common interest of safety and protecting members of the public and hotel guests from harassment and stalking, as argued in American Mensa's Brief.[13] Additionally, in *Kelley v. Tanoos*,[14] the Court noted the well-established principle that communications made to law enforcement to report criminal activity are qualifiedly privileged. The Court extended this protection as follows:

> Just as statements to law enforcement further a public interest, similar statements made to a private citizen may further the same interest. That interest is grounded in a public policy intended to encourage private citizens and victims not only to report crime, but also to assist law enforcement with investigating and apprehending individuals who engage in criminal activity.[15]

Based on *Kelley*, American Mensa's statements to the J.W. Marriot about the perceived threat Levine posed to American Mensa and its guests are protected by the public interest privilege because the statements further the interest of reporting crimes and assisting law enforcement in investigating such crimes. The complained of statements were all made to J.W. Marriot Hotel

---

[12] *Id.* at 261-62.
[13] R. Doc.
[14] *Kelley v. Tanoos*, 865 N.E.2d 593, 597 (Ind.2007).
[15] *Id.* at 601.

security personnel, who then investigated the claims. As such, qualified immunity not only applies based on common interests, but also based on the public interest privilege.

Plaintiff Levine claims the qualified immunity privilege should not apply because the publication was excessive. In *Schrader*, the Court applied the qualified immunity privilege after considering Plaintiff's argument that Eli Lilly overpublished the statements by sending it to about 2,000 people. In this case, the allegedly defamatory statements by Bakerink were posted on MensaConnect to a small group of American Mensa Board members and leaders, not the greater American Mensa membership community. Additionally, prior to American Mensa's publication, Plaintiff Levine posted a letter from American Mensa's attorney that broadcasted the allegations made by Chairwoman Bakerink against Levine.[16] Considering Levine's own publication of the allegedly defamatory statements, his complaints about over publication are unjustified and should not void the qualified immunity defense.

## IV.   Conclusion and Prayer

American Mensa, Ltd. has negated an essential element of Barry Levine's claims for defamation because there is no issue of material fact that American Mensa acted without malice and that statements between American Mensa and Ed Lomas are not published defamation. Additionally, the allegedly defamatory statements are protected by qualified privilege. As such, Defendant American Mensa, Ltd. prays the Court grant its Motion for Summary Judgment, dismiss Barry Levine's suit against American Mensa with prejudice and for all other relief to which American Mensa is justly entitled.

---

[16] *See* R. Doc. 49, Page 19 of 22, Footnote 59.

Respectfully submitted,

By:  */s/ Alexander G. Blue*
    James N. Isbell
    Attorney-in-Charge
    Bar No.  10431900
    jisbell@thompsoncoe.com
    Alexander G. Blue
    Bar No. 24008993
    ablue@thompsoncoe.com
    Alexis K. Caughey
    Bar No. 24065540
    acaughey@thompsoncoe.com
    THOMPSON, COE, COUSINS & IRONS, L.L.P.
    1 Riverway, Suite 1400
    Houston, Texas 77056
    Telephone:  (713) 403-8210
    Facsimile:  (713) 403-8299
    **ATTORNEYS FOR DEFENDANT**
    **AMERICAN MENSA LTD.**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been sent to all known counsel of record pursuant to the Rules of Civil Procedure on the 26th day of April 2022.

*/s/ Alexis Caughey*
ALEXIS CAUGHEY

7