# EXHIBIT A

## To Plaintiff Barry Levine's Motion for Acceptance and Entry of Judgment and Notice of Acceptance of Offer of Judgment

Defendant American Mensa, Ltd.'s OFFER OF JUDGMENT

to Plaintiff Barry Levine

dated May 12, 2022

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BARRY LEVINE<br>　　　Plaintiff, | § § § | |
| v. | § | Civil Action No. 4:20-cv-01128-O |
| | § | |
| AMERICAN MENSA, LTD. AND JOHN<br>JOHN DOES 1-5<br>　　　Defendants | § § § § | |

## **OFFER OF JUDGMENT**

**TO:** **Plaintiff, Barry Levine, by and through his counsel of record, John P. Atkins, Thompson Coburn LLP, 2100 Ross Avenue, Suite 600, Dallas, Texas 75201 and Alan E. Lubel, Law Office of Alan E. Lubel, 3475 Piedmont Road, Suite 1100, Atlanta, Georgia 30305**

Pursuant to Federal Rule of Civil Procedure 68 ("Rule 68"), Defendant American Mensa, Ltd. ("Mensa") hereby offers to allow judgment to be taken against it in this action for the sum of **Three Hundred Thousand Dollars and 00/100 ($300,000.00)** ("the Settlement Amount"). The aforementioned sum of the offer of judgment ("Offer") supersedes and revokes any prior offers, if any, and includes all damages and costs incurred as of the date of this offer for any and all causes of action for which Plaintiff seeks recovery in this lawsuit including, but not limited to, reasonable and necessary attorneys' fees, interest (both pre-judgment and post-judgment), fees, court costs and expenses.  This offer is predicated on the following terms and conditions:

　　　1.　　This amount is to be in full and final settlement of all Plaintiff's claims against all Released Parties (as defined below).

　　　2.　　This *Offer* is made solely for the purposes stated in Rule 68, to avoid the expense, inconvenience, and uncertainties of continued litigation and, if accepted, is the compromise of doubtful and disputed claims, the liability for which, and the amount of damages for which, if any, are uncertain and speculative.  This *Offer* is neither intended to be, nor shall it be, construed as

either an admission of liability by Defendant in this case, or as an admission Plaintiff has suffered any damages.

3. By acceptance of this *Offer*, Plaintiff, on behalf of himself, his children, heirs, executors, administrators, assigns and persons or entities with a derivative right through him (collectively the "Releasing Parties"), release, remise, acquit, and forever discharge Mensa and its present and former attorneys (including Thompson, Coe, Cousins & Irons, LLP), agents, members, third party vendors, third party adjusters, employees, adjusters, insurers, reinsurers, successors, assigns, officers, directors, shareholders, partners, trustees, representatives, parent, subsidiary and affiliated companies or entities, (collectively referred to as the "Released Parties"; collectively, the Releasing Parties and the Released Parties are referred to as "the Parties") of and from any and all claims, demands, actions, causes of action, suits, debts, contracts, agreements, promises, liabilities, losses, costs, expenses and damages of any kind or character whatsoever (collectively "Claims"), accrued or unaccrued, known or unknown, foreseen or unforeseen, in law or in equity, whether or not asserted in this litigation, whether based on contract, tort, statute or otherwise, relating to any matter or thing that has occurred or has failed to occur as of the date this *Offer* is accepted, including but not limited to (a) all Claims made in this lawsuit, damages or equitable relief (*e.g.*, specific performance), interest, liquidated damages, intentional torts, punitive damages, statutory damages, attorney fees, costs, and litigation, or other expenses, and any and all other claims resulting thereby; (b) all Claims related to this litigation and the facts and circumstances involved in the litigation, including but not limited to any future claim related in any way to Mensa's expulsion of Plaintiff from its organization; (c) any actions, inaction, representations, omissions, or commissions by the Released Parties before the date this *Offer* is accepted, and (d) any claim that acceptance of this *Offer* was induced by any fraudulent or negligent act or omission or results in or from any actual or constructive fraud, fraudulent inducement, negligent misrepresentation, breach of fiduciary duty, breach of confidential relationship, or a breach of any other duty under law or in equity.  This release is intended to be a full and complete general release of all claims, so to the extent Plaintiff may be deemed to still possess any viable claims or causes of action

against the Released Parties, Plaintiff hereby assigns to Defendant Mensa all claims he has of any kind against the Released Parties.

4. By acceptance of this *Offer* Plaintiff also warrants:

    a. I have read all of the terms of this *Offer*, agree to them, and have relied upon the advice and comment of their own attorney.

    b. I am the only owner of the claims made in this lawsuit and have not assigned any portion of my claims or rights to any person or entity. Alternatively, I have the express consent and authority of the Releasing Parties to accept this *Offer*. In this regard, Plaintiff agrees to indemnify and hold harmless the Released Parties from any claim or expense incurred in defending any claim (including attorney fees and costs), which may result from any claims made by any other person or entity, claiming to have an interest in the Settlement Amount.

    c. Neither Plaintiff nor his attorneys are relying on the judgment or advice of Defendant or its attorneys concerning the tax consequences, if any, of this *Offer*. Plaintiff and his attorneys, and they alone, shall be responsible for all federal, state, and local tax liability, if any, which may attach to the Settlement Amount, and will indemnify and hold the Released Parties harmless from, and will reimburse the Released Parties for, any and all such tax liability of whatever kind incurred by the Released Parties, including, but not limited to, taxes, levies, assessments, fines, interest, attorney fees and costs.

    d. This litigation is the only lawsuit Plaintiff has filed against the Released Parties, and there are no pending complaints, administrative charges, grievances, or other non-litigation proceedings Plaintiff has filed, instituted, or caused to be instituted with or by any governmental agency against any Released Party.

   e. This *Offer* sets forth the entire consideration for this *Offer*, and all agreements and understandings between the Parties are embodied and expressed in this document. In this regard, the Parties expressly warrant that no agent, servant, employee, attorney, representative, or any other person representing or claiming to represent any other party has made any representations, promises, or statements of any kind to them or their representatives to induce them to accept this *Offer*, other than those expressly contained in this *Offer*, and that any such reliance would be unintended and unjustified.

5. Unless otherwise stated in this *Offer*, the judgment offered herein is to have no effect except in settlement of Plaintiff's claims against the Released Parties.

6. If the offer is accepted, payment of the Settlement Amount will be made within **thirty (30) days** of the date of Plaintiff's written acceptance of the *Offer* and shall be made payable as follows:

 By check in the amount of $300,000.00 payable to "Barry Levine"

7. This *Offer* expires in accordance with the time limits set forth in Rule 68.

      Respectfully submitted,

      By: ***/s/ Alexander G. Blue***
       James N. Isbell
       Attorney-in-Charge
       Bar No. 10431900
       jisbell@thompsoncoe.com
       Alexander G. Blue
       Bar No. 24008993
       ablue@thompsoncoe.com
       Alexis K. Caughey
       Bar No. 24065540
       acaughey@thompsoncoe.com
       THOMPSON, COE, COUSINS & IRONS, L.L.P.
       1 Riveryway, Suite 1400
       Houston, Texas 77056
       Telephone: (713) 403-8210

Facsimile: (713) 403-8299
**ATTORNEYS FOR DEFENDANT
AMERICAN MENSA LTD.**

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been sent to all known counsel of record pursuant to the Rules of Civil Procedure on the 12th day of May.

*/s/ Alexander G. Blue*
ALEXANDER G. BLUE